IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                                                  No. CR 07-1072 JB

ADAN NAVOR RIVAS-GONZALEZ,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Sentencing Memorandum, filed July 20, 2007 (Doc. 15)("Sentencing Memo"). The Court held a sentencing hearing on August 9, 2007. The primary issues are: (i) whether the Court should sustain Defendant Adan Navor Rivas-Gonzalez' objection to the way in which his middle name is spelled in the Pre-Sentence Investigation Report ("PSR") that the United States Probation Office ("USPO") prepared; and (ii) whether the Court should grant Rivas-Gonzalez a variance from the sentence that the Guidelines recommend, because the circumstances of his prior conviction and his personal history and characteristics make that sentence unreasonable. Because the Court finds that Rivas-Gonzalez' objection is well taken, the Court will sustain his objection to the PSR. Because the Court finds that the factors set forth in 18 U.S.C. § 3553(a) applicable to the Court's sentencing analysis do not counsel in favor of varying from the sentence that the Guidelines recommend, the Court will deny Rivas- Gonzalez' request for a variance.

**FACTUAL BACKGROUND**

On January 20, 2004, Rivas-Gonzalez was convicted of a felony drug-trafficking offense in

the Third Judicial District Court of the State of New Mexico. See PSR ¶ 19, at 4, disclosed June 21, 2007. There is no indication that any violence or firearms were used in the commission of the drug crime. See id.; Sentencing Memo at 2. For this drug-trafficking conviction, Rivas-Gonzalez received a sentence of 18 months, 6 months of which was suspended. See PSR ¶ 19, at 4. Rivas-Gonzales states that he was a model prisoner, because he was released after serving only eight months. See Sentencing Memo at 2.

Rivas-Gonzalez represents that he came from Mexico to the United States to better his and his family's financial circumstances. See id. Rivas-Gonzalez is thirty-three years of age, is married, and has a fifteen-year old daughter. See PSR at 1; id. ¶ 24, at 5. Rivas-Gonzalez' wife and daughter live in Chihuahua, Mexico. See id. ¶ 24, at 5. Working as an automobile mechanic in the United States, Rivas-Gonzalez is able to provide his family a wage of $1,200.00 per month. See PSR ¶ 29, at 6. For doing comparable work in Mexico, Rivas-Gonzalez submits that he would earn $320.00 per month. See id. ¶ 30, at 6; Sentencing Memo at 2.

**PROCEDURAL BACKGROUND**

On May 29, 2007, the United States filed an Information charging Rivas-Gonzalez with Re-entry of a Removed Alien, in violation of 8 U.S.C. § 1326(a) and (b). See Information, filed May 29, 2007 (Doc. 10). On the same day, Rivas-Gonzalez waived prosecution by an Indictment, see Waiver of Indictment, filed May 29, 2007 (Doc. 11), consented to proceed by Information, see id., and agreed to enter his plea before a United States Magistrate Judge, see Consent to Appear Before a United States Magistrate Judge in a Felony Case, filed May 29, 2007 (Doc. 12). Also on May 29, 2007, Rivas-Gonzalez pled guilty to violating § 1326(a) and (b). See Clerk's Minutes, filed May 29, 2007 (Doc. 13).

On July 20, 2007, Rivas-Gonzalez filed his Sentencing Memorandum. See Doc. 15. In his

Sentencing Memorandum, Rivas-Gonzalez objects to how his middle name, "Navor," is spelled in the PSR. See Sentencing Memo at 1. The UPSO spelled Rivas-Gonzalez' middle name "N-a-v-o-z" in the PSR. See PSR at 1. Rivas-Gonzalez requests that the PSR be amended to reflect the correct spelling of his middle name -- "N-a-v-o-r." See Sentencing Memo at 1. In his Sentencing Memorandum, Rivas-Gonzalez, citing 18 U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 220 (2005), also requests that the Court vary from the sentence that the Guidelines recommend. See Sentencing Memo at 2.

The United States filed its response to Rivas-Gonzalez' Sentencing Memorandum on July 23, 2007. See United States' Response to Motion for Downward Departure and Sentencing Memorandum Filed July 20, 2007, filed July 23, 2007 (Doc. 16). The United States opposes Rivas-Gonzalez' request for a variance and requests that the Court sentence Rivas-Gonzalez within the range that the Guidelines recommend. See id. at 4.

## LAW REGARDING GUIDELINE SENTENCES

The Supreme Court of the United States' holding in United States v. Booker, "requires a sentencing court to consider Guideline ranges, but it permits the court to tailor the sentence in light of other statutory concerns as well." Id. at 245-46. Under the advisory Guidelines' scheme, "district courts have a freer hand in determining sentences." United States v. Trujillo-Terrazas, 405 F.3d 814, 819 (10th Cir. 2005). Thus, "while the Guidelines will exert gravitational pull on all sentencing decisions . . . district courts now have more discretion to tailor sentences to the individual circumstances of a defendant." Id.

Congress has directed sentencing courts to impose a sentence "sufficient, but not greater than necessary" to comply with four statutorily defined purposes enumerated in 18 U.S.C. § 3553(a)(2):

(A) to reflect the seriousness of the offense, to promote respect for the law, and to

>    provide just punishment for the offense;
>
>    (B) to afford adequate deterrence to criminal conduct;
>
>    (C) to protect the public from further crimes of the defendant; and
>
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. . . .

18 U.S.C. § 3553(a)(2)(A)-(D). See 18 U.S.C. § 3551 ("[A] defendant who has been found guilty of an offense described in any Federal Statute . . . shall be sentenced in accordance with the provisions of this chapter so as to achieve the purposes set forth in subparagraphs (A) through (D) of section 3553(a)(2) to the extent that they are applicable in light of all the circumstances of the case."). To achieve these purposes, 18 U.S.C. § 3553(a) directs sentencing courts to consider: (i) the Guidelines; (ii) the nature of the offense and the defendant's character; (iii) the available sentences; (iv) a policy favoring uniformity in sentences for defendants who commit similar crimes; and (v) the need to provide restitution to victims. See 18 U.S.C. § 3553(a)(1), (3)-(7).

Although the Guidelines are no longer mandatory, both the Supreme Court and the United States Court of Appeals for the Tenth Circuit have clarified that, while the Guidelines are one of several factors enumerated in 18 U.S.C. § 3553(a), they are entitled to considerable deference. See Rita v. United States, 127 S. Ct. 2456, 2464 (2007)("The Guidelines as written reflect the fact that the Sentencing Commission examined tens of thousands of sentences and worked with the help of many others in the law enforcement community over a long period of time in an effort to fulfill [its] statutory mandate."); United States v. Cage, 451 F.3d 585, 593 (10th Cir. 2006)(describing the Guidelines as more than "just one factor among many"). They are significant because "the Guidelines are an expression of popular political will about sentencing that is entitled to due consideration . . . [and] represent at this point eighteen years' worth of careful consideration of the

proper sentence for federal offenses." United States v. Cage, 451 F.3d at 593 (internal quotations omitted). A sentencing court must now consider all the factors enumerated in 18 U.S.C. § 3553, including the Guidelines, and resolve conflicts between them.

In Justice Breyer's remedial opinion in United States v. Booker, the Supreme Court recognized the important role that the advisory Guidelines continue to play in facilitating Congress' goal of achieving national uniformity of sentencing. See 543 U.S. at 246. To conform with Congressional intent, sentences must be "reasonable." Id. at 260-61. Consistent with that recognition, the Tenth Circuit has adopted a two-step approach to reviewing criminal sentences for reasonableness. See United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006). First, the Tenth Circuit reviews the district court's consideration of the applicable Guidelines' range; if "the district court properly considered the relevant Guidelines range and sentenced the defendant within that range, the sentence is presumptively reasonable." Id. Second, once this presumption is established, "[t]he presumption can be rebutted by demonstrating the sentence is unreasonable when considered against the other factors enumerated in 18 U.S.C. § 3553(a)." United States v. Dazey, No. 05-6258, 2007 U.S. App. LEXIS 15547, at *27 (10th Cir. June 27, 2007)(unpublished).

On the other hand, criminal sentences that vary materially from the properly calculated Guidelines' sentencing range are not accorded a presumption of reasonableness. See United States v. Cage, 451 F.3d at 594-95. The Tenth Circuit has explained that "the strength of the justification needed to sustain an outside-Guidelines sentence varies in proportion to the degree of the variance." Rita v. United States, 127 S. Ct. at 2467 (citing United States v. Bishop, 469 F.3d 896, 907 (10th Cir. 2006)).[1]

---

[1] In its June 21, 2007 opinion in Rita v. United States, the Supreme Court indicated that it will evaluate the Tenth Circuit's approach next term in United States v. Gall, No. 06-7949. See Rita

Finally, the Supreme Court has recently explained that the presumption of reasonableness afforded Guidelines' sentences is "an appellate court presumption" and emphasized that "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." Rita v. United States, 127 S. Ct. at 2465. More specifically, "[a] nonbinding appellate presumption that a Guidelines sentence is reasonable does not require the sentencing judge to impose that sentence." Id. at 2466 (emphasis in original).

## ANALYSIS

Because the Court finds that Rivas-Gonzalez' objection to the PSR is well taken, the Court will sustain his objection. Because the Court finds, however, that the factors set forth in § 3553(a) do not support the granting of a variance, the Court will deny Rivas-Gonzalez request to vary from the sentence that the Guidelines recommend.

**I.     THE COURT WILL SUSTAIN RIVAS-GONZALEZ' OBJECTION TO THE PSR.**

Rivas-Gonzalez objects to the USPO's spelling of his middle name in the PSR. Rivas-Gonzalez states that his middle name should be spelled "N-a-v-o-r," not "N-a-v-o-z," as it appears in the PSR. See Sentencing Memo at 1. The United States does not contest Rivas-Gonzalez objection; nor does the United States dispute that the PSR should be amended to reflect the correct spelling of Rivas-Gonzalez' middle name. See Transcript of Hearing at 3:15-17 (Tierney)(taken

---

v. United States, 127 S. Ct. at 2467 (citing United States v. Bishop, 469 F.3d at 907, and cases from the First, Fourth, Fifth, Sixth, Seventh, Eighth, and Eleventh Circuits adopting the same approach). The Supreme Court cautioned, however, that "[t]he fact that we permit courts of appeals to adopt a presumption of reasonableness does not mean that courts may adopt a presumption of unreasonableness" for sentences that fall outside the Guidelines' range. Rita v. United States, 127 S. Ct. at 2467.

August 9, 2007)("Transcript").[2]  The Court, finding good cause, will sustain Rivas-Gonzalez' objection and amend the PSR accordingly.

## II. THE COURT WILL DENY RIVAS-GONZALEZ' REQUEST FOR A VARIANCE.

The Court does not believe that the factors set forth in § 3553(a) counsel in favor of varying from the sentence that the Guidelines recommend. Consistent with the Court's ruling at the sentencing hearing, see Transcript at 9:21-10:7 (Court), and for the reasons given at the time of the hearing, see id. at 6:18-9:20, the Court will deny Rivas-Gonzalez' request for a variance. Rivas-Gonzalez frankly concedes that he came to the United States for economic reasons. If the Court were to vary for this reason, the Court would need to vary for most sentences involving illegal re-entry. The exception would swallow the rule. The Court believes that the Sentencing Commission fully accounted for such reasons when it constructed the Guidelines. No § 3553(a) factor -- especially the nature and circumstances of the offense -- weighs in favor of a variance. Moreover, to vary in this case, for the reason that Rivas-Gonzalez advances, would introduce an unwarranted and unwanted disparity among the sentences of similarly situated defendants.

**IT IS ORDERED** that Rivas-Gonzalez' objection to the PSR is sustained. The PSR will be amended to reflect the correct spelling of Rivas-Gonzalez' middle name. Rivas-Gonzalez' request for a variance from the sentence that the Guidelines recommend is denied.

---

[2] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

                                                _____
                                                UNITED STATES DISTRICT JUDGE

*Counsel*:

Larry Gomez
   Acting United States Attorney
Roberto D. Ortega
   Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Jim Baiamonte
Albuquerque, New Mexico

      *Attorney for the Defendant*